[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14 2000
THOMAS K. KAHN
CLERK

_____

No. 99-11767

_____

D.C. Docket No. 98-08541-CV-KLR

FUTURE TECHNOLOGY TODAY, INC.,
a Florida Corporation,

Plaintiff-Appellant,

versus

OSF HEALTHCARE SYSTEMS,
an Illinois Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 14, 2000)**

Before TJOFLAT, MARCUS and BRIGHT[*], Circuit Judges.

PER CURIAM:

This case presents the question of personal jurisdiction in a diversity case in

which the Appellant, Future Technology Today, Inc. ("FTT"), a Florida corporation,

_____

[*]Honorable Myron H. Bright, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

brought an action for breach of contract and conversion against the Appellee, OSF Healthcare Systems ("OSF"), an Illinois corporation. The contract in question required FTT to remediate OSF's computer systems to obtain year 2000 ("Y2K") compliant status. OSF operates various health care facilities in the Midwest (seven in Illinois, one in Michigan, and one in Iowa). It does no business in the usual sense in any other state.

The factual predicate for a personal jurisdictional dispute between the parties rests on circumstances indicating that, while FTT agreed to remedy the computer systems located in Illinois, it performed, or attempted to perform, its remedial work on data transmitted by the Internet from OSF to Appellant's workplace in Boca Raton, Florida.

Prior to Appellee declaring the contract in default, the parties dealt with FTT personnel who came to OSF's headquarters in Peoria, Illinois. Other communication occurred between Peoria headquarters and Boca Raton by regular, first-class mail, electronic mail, facsimile, or telephone.

After FTT filed its action in federal district court in Florida, the Appellee moved for a dismissal of the action for lack of personal jurisdiction. The district court considered the motion on affidavits, as well as by conducting an evidentiary hearing. At the conclusion, the district court granted the motion and dismissed the action in an

Order dated May 17, 1999. The Appellant contends that personal jurisdiction over the Illinois corporation exists under Florida long-arm statutes, Fla. Stat. § 48.193(a) (carrying on a business or business venture in Florida); Fla. Stat. § 48.193(b) (committing a tort in Florida); and Fla. Stat. § 48.193(g) (breaching a contract by failing to perform acts required by the contract to be performed in Florida).

We affirm the district court. We have carefully considered the record, the briefs, and the oral arguments of the parties. We conclude that the district court opinion by the Honorable Kenneth L. Ryskamp fully and fairly discusses the issues and has reached the correct result in the case.

Accordingly, we AFFIRM on the basis of the district court opinion in District Court Case No. 98-8541-CIV-RYSKAMP, attached as an appendix hereto, dismissing the action.